NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS ALBERTO QUINTEROS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 15-71261 Agency No. A094-347-898 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Douglas Alberto Quinteros, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, protection under the Convention Against Torture

("CAT"), and cancellation of removal.[1]

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except

to the extent that deference is owed to the BIA's interpretation of the governing

statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

We review for substantial evidence the agency's factual findings. *Zehatye v.*

*Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of

discretion the denial of a continuance. *See Sandoval-Luna v. Mukasey*, 526 F.3d

1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for

review.

The agency did not abuse its discretion in denying Quinteros's request for an

additional continuance for lack of good cause. *See* 8 C.F.R. § 1003.29; *Ahmed v.*

*Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (factors considered in determining

whether the denial of a continuance constitutes an abuse of discretion include the

nature of the evidence excluded and the number of continuances previously

granted). To the extent Quinteros claims the agency violated due process and his

right to counsel, we lack jurisdiction to consider these claims because he did not

---

[1] Quinteros does not challenge the agency's denial of his asylum application as untimely.

raise them before the BIA and they are the type of claimed due process violations that can be corrected by the BIA. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam) (holding that due process challenges correctable by the BIA must be exhausted).

We lack jurisdiction to review the agency's denial of cancellation of removal based on the discretionary determination that Quinteros did not show exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. §§ 1229b, 1252(a)(2)(B)(i); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (so holding). Quinteros has not raised a colorable constitutional or legal claim over which we retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

Substantial evidence supports the agency's conclusion that Quinteros failed to establish past persecution or a clear probability of persecution based on a protected ground. *See, e.g.*, *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("[P]ersecution is an extreme concept [that] does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Quinteros's claim for withholding of removal fails.

15-71261

Substantial evidence also supports the agency's denial of CAT protection because Quinteros failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**